IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONALD WILLIAMS, EU-8305, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:13-cv-322 |
| | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, | ) | |
| Respondent. | ) | |

MEMORANDUM and ORDER

Mitchell, M.J.

  Ronald Williams an inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

  Williams is presently serving a life plus 13 ½ to 27 year sentence imposed following his conviction, by a jury, of first degree murder, criminal conspiracy and uniform firearms act violations at Nos. CC 199813431 and CC199814585 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 17, 2001.[1]

  An appeal was taken to the Superior Court in which the questions presented were:

1. Did the lower court err by making a misstatement of fact to the jury during its instructions regarding the eyewitness testimony of Ms. Green as having seen Mr. Williams running from the scene of the crime?

2. Did prejudicial error result from the prosecutorial misconduct of the assistance district attorney displaying the .44 caliber firearm recovered from Mr. William's residence and misrepresenting this improperly admitted piece of evidence to the jury as the murder weapon during closing argument?

3. Was the evidence in this case insufficient to support the jury verdict of guilty on all counts or was the jury verdict against the weight of the evidence?[2]

---

[1] See: Petition at ¶¶ 1-6.
[2] Because the Commonwealth has been unable to locate the petitioner's appeal brief, it has reconstructed the issues at pp.3-4 of this answer.

1

On February 4, 2004, the judgment of sentence was affirmed.[3]

Leave to appeal to the Pennsylvania Supreme Court was sought and the sole issue raised was:

> Whether the prosecutor's remarks representing a .44 caliber firearm to the jury as being the murder weapon was improper when the .44 caliber firearm was not the murder weapon?[4]

On February 18, 2005 leave to appeal was denied.[5]

On October 17, 2005, Williams filed a post-conviction petition which was subsequently amended. That petition was granted in part and his right to file a petition for allowance of appeal was reinstated on May 1, 2007.[6] The petition was filed and on November 17, 2008, leave to appeal was denied.[7]

On March 3, 2009, a pro se post-conviction petition was filed. That petition was denied on April 15, 2010. On appeal, petitioner contended that:

> Trial counsel was ineffective in failing to object to the admission at trial of a .44 caliber handgun that appellant possessed, and also failed to object when the prosecutor brandished it during closing. According to appellant, he was prejudiced because this indicated to the jury that this was the gun used during the crime when it was not (footnote omitted).[8]

On June 12, 2012 the denial of post-conviction relief was affirmed.[9]

In its answer, the respondent relates that on August 9, 2012 Williams filed another post-conviction petition in which he contended that the mandatory life sentence was unconstitutional under Miller v. Alabama, 132 S.Ct. 2455 (2012). That petition was denied on October 1, 2012 since petitioner was determined to have been 29 years old at the time of the offense.[10]

The instant petition was executed on February 26, 2013 and in it, Williams contends he is entitled to relief solely due to the following:

---

[3] See: Answer at pp. 91-97.
[4] See: ECF 13-1 at p. 8.
[5] See: p. 104 of the answer.
[6] See: p. 154 of the answer.
[7] See: p. 158 of the answer.
[8] See: p. 266 of the answer.
[9] See: pp. 262-268 of the answer.
[10] See: pp.7-8, 275 of the answer.

2

The lower court erred in failing to grant a hearing to appellant's claims that his trial counsel was ineffective for failing to object to the improper admission of a weapon found in appellant's home that had nothing to do with the criminal complaints in this matter, clearly prejudicing appellant's trial.[11]

The background to this prosecution is set forth in the February 4, 2004 Memorandum of the Superior Court:

> During the early morning hours of October 4, 1998, Appellant, Raj Edge, John Johnson, and Donald Thomas were at Johnson's apartment when Johnson informed the other individuals of a burglary which had occurred at the residence he shared with his girlfriend, Ebony Jordan. Jason Fault, the murder victim, was identified by Johnson as one of the perpetrators of the burglary. The four men agreed to kill Faulk in retaliation for the burglary.
>
> Upon leaving the apartment, the four men encountered Faulk. A verbal exchange between Johnson and Faulk culminated with Johnson, Edge, Thomas and Appellant shooting Faulk to death. Appellant fired two shots during the execution.
>
> The group then ran back to the front of Johnson's apartment building. Edge and Thomas gave Johnson their handguns, but Appellant retained the chrome firearm he claims he used to shoot Faulk. Appellant, Edge and Thomas then fled the scene in a vehicle driven by Thomas.
>
> Jackie Green, a woman who lived directly across from the crime scene witnessed the shooting. She recognized Johnson and observed him run into his apartment building. Ms. Green phoned 911 and directed the police to Johnson's apartment. The officers requested and received consent to search Johnson's apartment. During the search, a number of firearms were recovered under a mattress upon which Ms. Jordan's children were sleeping.
>
> During the course of the investigation, Appellant was identified as a suspect in the killing of Faulk and was questioned. After being properly informed of his rights, Appellant admitted to his participation in the incident. Thereafter a chrome-plated firearm was recovered from his residence….
>
> Appellant was convicted of first degree murder, criminal conspiracy, and a violation of the Uniform Firearms Act…[12]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State,

---

[11] See: Petition at ¶ 12.
[12] See: pp.91-93 of the answer.

or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

In the instant case, it appears that the sole issue which the petitioner seeks to raise here has been raised in the appellate courts of the Commonwealth and is appropriately before this Court. The respondent concedes this fact and also concedes that the instant petition is timely.[13] However, the respondent also notes that the issue as raised in the state courts is the failure of the post-conviction court to hold a hearing on this issue. Since this matter is a procedural matter in the scope of a post-conviction proceeding, it is not cognizable here. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) cert. denied 526 U.S. 1065 (1999). Additionally, as a possible state procedural error it is not subject to remediation here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Nevertheless, even if one were to reach the merits of the ineffective assistance of counsel claim, it does not provide a basis for relief. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at

---

[13] See: pp.12, 14 of the answer.

4

688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

At trial, testimony was presented that the petitioner had admitted that he employed a .45 caliber weapon to fire shots at the victim; that he had disposed of the weapon over a hillside; that the weapon was never located; that Williams stated that while the murder weapon was never in his house he did have another weapon, a .44 caliber at his home and that weapon was recovered from his home (TT. 7/26/01 pp. 239-241, 246, 285-286, 288).

During his closing, the prosecutor stated:

This is the .44, of course, that was found at the defendant's residence, that the defendant said was his gun…

[T]here's no evidence that his .44 was not used or that the .45 the defendant said he shot the victim with was used. There's no evidence that those guns were not used…

The .44 that was recovered from the defendant's residence wouldn't even leave cartridge cases at the scene. Dr. Levine [ a criminalist in the coroner's office] told you that a .45 could be an automatic or it could be a revolver that would not leave cartridge cases at the scene. There's still five gunshot wounds to the victim that we don't know what the bullet used was, what the caliber was, because they were through-and-through wounds, they weren't in the body of the victim (TT. 7/26/01 pp. 395-397).

Thus, the record demonstrates that Williams admitted participating in the homicide while employing a .45 caliber handgun; he further indicated to the police that he possessed a .44 caliber

5

handgun which was located at his home; that the forensic evidence could not distinguish whether a .44 or a .45 caliber weapon had been utilized and that there was absolutely no evidence demonstrating that the weapon exhibited from the jury was not the murder weapon. Under Pennsylvania law, whether the weapon was employed is a matter of the weight of the evidence and not its admissibility. Com. v. Owens, 929 A.2d 1187, 1191 (Pa. Super.) leave to appeal denied 596 Pa. 705 (2007)("uncertainty whether the weapons evidence was actually used in the crime goes to the weight of such evidence, not its admissibility."). Additionally, the admissibility of evidence rests with the sound discretion of the trial court and such a determination is not reviewable absent a due process violation. Keller v. Larkins, 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973 (2001). No such showing has been made here.

For these reasons, counsel cannot be deemed to have been deficient for failing to raise a meritless argument, Real v. Shannon, 600 F.3d 302 (3d Cir. 2012). Accordingly, because the petitioner's conviction was not secured in a manner contrary to federal law as interpreted by the Supreme Court nor involved an unreasonable application of that law his petition here will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of July, 2013 for the reasons set forth in the foregoing Memorandum, the petition of Ronald Williams for a writ of habeas corpus (ECF 4) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists a certificate of appealability is DENIED.

                                                           s/ Robert C. Mitchell
                                                           United States Magistrate Judge